———o ◎ o———

## Hurd and others *vs.* Hunt.

The defendant, having a drover's bill against a butcher, for cattle sold, amounting to $187,50, payable strictly in 21, but according to ordinary usage, in 30 days, applied to the plaintiffs, to collect it for him, and in the meanwhile to make him an advance. The plaintiffs charged him one per cent, or $1,87, as for commissions on collecting, $1,09 as for 30 days' interest, and gave him in cash $184,54; taking his promise to pay the $187,50, if not collected from the butcher within 30 days. *Held,* that the true character of the transaction was that of a sale and transfer of the demand, accompanied by a collateral obligation, in the nature of a guaranty, by the vendor; and that the contract was not usurious.

APPEAL by the defendant from a judgment entered upon the report of a referee, for the sum of $213,75, besides costs. The opinion of the court sets forth the facts.

*A. Wakeman*, for the appellant.

*E. Delafield Smith*, for the respondents.

*By the Court*, ROOSEVELT, J.　This case presents a question of usury, so small as to be imperceptible to the naked eye. A technical microscope, and one of no ordinary power, is indispensable to enable the observer to discover it. A charge of nine days' interest—possible, but neither probable, nor contemplated—on $187,50, is one of the usurious items complained of.

Hunt, the defendant, having a drover's bill against a butcher, for three head of cattle, amounting to the above sum, payable strictly in 21, but according to ordinary usage, in 30 days, applied to the plaintiffs to collect it for him, and in the meanwhile to make him an advance.　The plaintiffs charged him $1,87, as for commissions on collecting; $1,09 as for 30 days' interest; and gave him in cash $184,54; taking his promise to pay the $187,50, if not collected from the butcher within 30 days.

Such a transaction, in my view, is substantially an assignment of a demand, not yet due, for a consideration estimated upon the basis of the probable loss of interest and the certainty of trouble, risk and responsibility; accompanied however, on the part of the assignor, by a guaranty for the payment of the demand.

The action now brought is virtually an action on the guaranty; and unless it can be shown that the form of an assignment with guaranty, was resorted to as a mere cover for usury, any inadequacy of consideration, if it really existed, can only be set up by way of reduction in the recovery.　The case of *Rapelye* v. *Anderson*, in the court of errors, (4 *Hill*, 478,) is conclusive on this point.

There is still, however, another view of the case.　The plaintiffs may be considered as making a loan of the sum actually advanced in cash, and of the sum of two dollars and ninety-six cents, charged by them for trouble, responsibility and delay of payment.　That they might demand their pay before they undertook the service cannot be disputed.　Payment of rent, school bills, board, &c. *in advance*, is a thing of every day occurrence.

We may then consider the $2\frac{96}{100}$ as so much paid in advance by the defendant to the plaintiffs, and then by them loaned to the defendant. What objection can there be to the allowance of interest on that portion of the loan, more than on the residue? Can it be said that the charge itself was a mere cover?

Let us see what the plaintiffs were to do and to be subject to for this sum of $2\frac{96}{100}$. They were to advance in cash $184,54 for 21 days certain, and for 30 days probably, that being the usual delay; they were to dun the butcher, no very agreeable duty as the proof shows, for payment of the bill; if guilty of neglect or oversight, and the debt should thereby be lost, they and not the defendant were to be responsible for the loss; and in case of a difference of opinion, which on such a subject was not only very likely but almost certain to arise, they were to take the risk of a troublesome and expensive litigation.

To contend that a charge, whether it be denominated " interest" or " commission" or both, of $2\frac{96}{100}$, for such a service and such a liability, is unreasonable, would be simply preposterous; unless by unreasonable, be meant unreasonably inadequate. How then, without shocking common sense, can it be stigmatized as a shift or contrivance to evade the statute of usury?

But the parties, it is said, having themselves divided the $2,96, into distinct and separate elements, calling the $1\frac{9}{100} in-terest, and $1\frac{87}{100} commission, are estopped from now insisting on the aggregate sum as no more than a reasonable commission.

Where a contract is susceptible of two interpretations, one rendering it valid, the other void, the former must be adopted, *ut res magis valeat quam pereat;* especially when it is, as in this instance, to prevent a forfeiture. Treating the $1\frac{9}{100}$, however as *interest,* and the transaction as a mere loan of money, (which it most assuredly was not,) would the mere taking of such interest *in advance* make the contract usurious?

The gain accruing from taking the $1,09 in advance, supposing that $1,09 could be immediately invested for 30 days at seven per cent, would, upon a rough calculation, be one half of one cent; or, to be more minutely accurate, sixty-three thousandth parts of a dollar!

Hurd *v.* Hunt.

Authorities have been cited, especially the cases of the *Firemen Insurance Co.* v. *Ely*, (2 *Cowen*, 678,) and the *Bank of Utica* v. *Wager*, (*Id.* 712,) to sustain the position that such an act of extortion is a mere cover for usury, and entails by law the forfeiture of the whole debt. On examination it will be found that these cases maintain no such doctrine. The first one, in particular, is of the opposite character, and decides that when it is a trade transaction and the period is a moderate one, interest, even at seven per cent, may be taken by way of discount, or in advance.

The true character of this transaction, however, as before stated, is that of a sale and transfer of the demand, accompanied by a collateral obligation, in the nature of a guaranty by the vendor. And in that aspect, the decision of the court of errors, in the case of *Rapelye* v. *Anderson*, before cited, is conclusive. Rapelye took an assignment of a bond and mortgage for a consideration less by several hundred dollars than the amount due on the securities, and took the assignor's bond also, to secure not the amount advanced, but the whole face of the original securities. The assistant vice chancellor, upon the authorities, held that the transaction was not usurious : the chancellor, on appeal, reversed the decision of his subordinate, and the court of errors, on appeal to them, reversed the reversal of the chancellor.

Our conclusion is that the report of the referee in favor of the plaintiffs was right, and ought to be affirmed with costs.

Judgment affirmed.

[NEW-YORK GENERAL TERM, February 7, 1853. *Edwards, Mitchell* and *Roosevelt*, Justices.]