## THE NORTHERN RAIL ROAD COMPANY *vs.* PAGE.

A rule or custom of a rail road company, requiring passengers, soon after starting, to surrender their passage tickets to the conductor and receive his checks in place of them, is a reasonable rule or custom.

And where a passenger, with knowledge of such custom, purchases a ticket, the law will presume that he does so in reference to the custom.

The contract, on the part of the rail road company, is that they will carry the passenger over their road, provided he surrenders his ticket to the conductor when it is demanded; and the passenger will not be entitled to his passage in the cars, without the surrender of his ticket.

His refusal to deliver up his ticket to the conductor, when it is demanded, will justify the latter in exacting from him his fare, in cash, and on his refusal to pay his fare, he may be expelled from the cars.

If he leaves the cars without giving up his ticket, or paying for his passage, an action will lie against him for the amount of his fare.

THIS was an action commenced in a justice's court, to recover the sum of $3 for transporting the defendant in the plaintiffs' cars from Rouse's Point to Madrid Station. The defendant had a ticket, purchased by him from the receiver of the Hudson River Rail Road Company, for one passage from Rouse's Point to Ogdensburgh; of which the following is a copy: "One passage. Rouse's Point to Ogdensburgh. Kendrick, receiver Hudson R. R. R. N. Y. to Ogdensburgh." Stamped June 1. The defendant entered the plaintiffs' passenger cars at Rouse's Point, going west, on the 2d of June, 1853. After the cars started, the conductor called on him for his ticket. The defendant stated that he was going to Ogdensburgh or Madrid, and that he had a ticket, which he showed

The Northern Rail Road Company *v.* Page.

to the conductor. Subsequently, and after the cars had passed one station, the defendant was requested by the conductor to surrender his ticket and take the ordinary conductor's check; of which the following is a copy: "Northern Rail Road. A. N. Y. E. Good for this trip only." The defendant claimed that his ticket entitled him to ride to Ogdensburgh, and that he should keep it as evidence of his right; preferring it to a check. The conductor demanded of him to pay his fare in money, which the defendant refused to do, on the ground that he had already paid it and had a ticket. The ordinary fare from Rouse's Point to Madrid was $3, and to Ogdensburgh the same; Madrid being 18 miles east of Ogdensburgh. It was proved that an agreement had previously been made between the plaintiffs and the Hudson River Rail Road Company, that each might sell tickets on the other's line, and which should be paid for to the company carrying the passenger, when returned to the company issuing them; that it had always been the custom on the plaintiffs' road for the conductor to take up the tickets and give checks in place of them to the passengers, soon after the passengers entered the cars; that the defendant had knowledge of this custom, and that he got off the cars at Madrid, without surrendering his ticket. The justice rendered a judgment in favor of the plaintiffs, for $3 and costs; which judgment was affirmed by the county court, and the defendant appealed to this court.

*W. C. Cooke,* for the appellant.

*W C. Brown,* for the respondents.

PAIGE, J. It appears, by the evidence, that it has always been the custom, on the plaintiffs' road, for the conductor to take up the tickets and give checks in place of them to the passengers, soon after their entrance into the cars. The proof clearly shows that the defendant had knowledge of this custom; and the justice, in rendering judgment for the plaintiffs, must have so found the fact. Under these circumstances, the law

The Northern Rail Road Company *v.* Page.

will presume that the defendant when he purchased the ticket introduced in evidence, did so in reference to this custom on the road of the plaintiffs. (5 *Hill*, 439. 19 *Wend.* 386. 12 *id.* 574. 6 *John. Ch.* 437. 4 *Hill*, 104, 107.) The question, as was said by Justice Dewey in *Cheney* v. *B. & M. R. R. Co.* (11 *Metc.* 123,) is, what was the contract between the plaintiffs and the defendant. The law will imply, under the circumstances of this case, that the contract on the part of the plaintiffs was to convey the defendant over their road, provided he surrendered his ticket to the conductor, when it was demanded, as required by the custom of the road. Under this contract the defendant would not be entitled to his passage in the plaintiffs' cars without the surrender of his ticket; and his refusal to deliver up his ticket to the conductor, when demanded, would justify the latter in exacting from him his fare, in cash; and on his refusal to pay his fare, putting him out of the cars. The custom in question was a reasonable custom. The ticket purchased by the defendant, if not surrendered, could be used to secure a second or any number of rides over the road, without the payment of fare. Its surrender, therefore, was necessary to the protection of the company from fraud. The form of the ticket entitled the *bearer*, whoever he might be, to one passage over the plaintiffs' road. The purchaser, after riding, himself, upon the ticket, could sell or hand it to another, who, with the ticket, could also secure a passage over the road, without the payment of fare. Besides, the surrender of the ticket was necessary to enable the plaintiffs to demand from the Hudson River Rail Road Company the price of the ticket. This, under their agreement with that company, they could not do until they returned to that company the ticket. The ticket may be regarded as expressing only a part of the agreement entered into between the parties. It does not purport on its face to be a complete agreement. In all such cases the other parts of the agreement may be proved by parol evidence. (25 *Wend.* 419. 2 *Cowen & Hill's Notes*, 1471. 9 *Pick.* 338.) In the case of *Cheney* v. *The B. & M. Rail Road Co.* (11 *Metc.* 123,) Justice Dewey held that when a passenger purchased a rail road ticket, the

The Northern Rail Road Company v. Page.

ticket implied a contract that he was to be carried in the usual manner in which passengers were carried, who had tickets of the same kind; and that even where the passenger was ignorant of the rules and regulations of the company, the ticket only secured to him a passage in conformity to such rules and regulations.

The precise question in this case arose in *Loring* v. *Alborn*, tried before Mellen, J., in the court of common pleas of Massachusetts in 1848; reported in 1 *Law Rep. N. S.* 461. Loring, a passenger in rail road cars, on the Boston & Maine Rail Road, sued Alborn, the conductor of the train, for putting him out of the cars, on his refusing to give up his ticket. It was a rule of the road that passengers must, immediately after the starting of the train, surrender their tickets to the conductor. MELLEN, J., on the trial, ruled that this regulation of the road was reasonable; and that the plaintiff had no right to retain his ticket until he got near the end of his route, even if he had not previously known of the existence of such regulation; and that on his refusal to give up his ticket the conductor was justified in ejecting him from the cars. This case was taken up before the supreme judicial court of Massachusetts, upon another ruling of Judge Mellen. FLETCHER, J., in delivering the opinion of the supreme court, took no exception to the decision of Judge Mellen in relation to the right of the conductor to eject the plaintiff from the cars. (4 *Cush. R.* 608.)

In my opinion the decision of the justice was right. The judgment of the county court must therefore be affirmed.

[CLINTON GENERAL TERM, May 6, 1856. *C. L. Allen, James, Rosekrans,* and *Paige,* Justices.]