TOWNSEND v. NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

6 T & C 495
e 70 AD 408
71 AD 204

*Passenger — on railroad — rights of — wrongful ejection from train.*

Plaintiff purchased a ticket from Sing Sing to Rhinebeck, a station beyond Poughkeepsie, upon defendant's railroad. The train on which he took passage went no farther than Poughkeepsie. The ticket was taken up by a conductor before the train reached Poughkeepsie. At that place plaintiff took passage upon another train going to Rhinebeck, which was the usual way for passengers coming on trains going only to Poughkeepsie. Having no ticket, he was ejected from the train. *Held*, that defendant was liable for the actual damage done to plaintiff by the ejection from the train and refusal to carry him to Rhinebeck.

APPEAL by defendant from a judgment in favor of plaintiff entered upon the verdict of a jury, and from an order denying a motion for a new trial.

The action was brought by William Townsend to recover damages for the wrongful ejection of plaintiff from a train on defend-

ant's railroad, The case has been twice tried. Upon the first trial a judgment was rendered in favor of plaintiff for $500. This was reversed by the Court of Appeals and a new trial ordered. The case on that appeal is reported, 56 N. Y. 295. The jury gave a verdict upon the second trial for $75. From the judgment on that verdict this appeal is taken.

The plaintiff purchased a railroad ticket at Sing Sing for Rhinebeck. With this ticket in his possession he went on a train from New York at Sing Sing. This train went no farther than Poughkeepsie. It was customary for passengers who were going farther north to take another train at Poughkeepsie. After the train on which the plaintiff was had passed Peekskill, the conductor called for tickets and took up and retained the ticket of the plaintiff.

Upon the arrival of the train at Poughkeepsie, as the train went no farther, the plaintiff got out and waited for some twenty-five minutes, until another train came along, which was going north. He got into this train. The conductor of this train asked him for his ticket. The plaintiff told the conductor that he had purchased a ticket at Sing Sing for Rhinebeck, and that the other conductor had taken it up. Some of the passengers told the conductor that the plaintiff had such a ticket. The conductor told the plaintiff that he must pay the fare. The plaintiff refused to do so, and was for this reason put off the cars at Staatsburgh. No unnecessary force was used.

*F. Loomis*, for appellant, cited *Townsend* v. *N. Y. C. & H. R. R. R. Co.*, 56 N. Y. 295 ; *Weaver* v. *R. W. & O. R. R. Co.*, 3 N. Y. Sup. 270.

*A. Schoonmaker, Jr., & Samuel Hand*, for respondent.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

LEARNED, P. J. As the acts of the conductors, in the scope of their duty, are the acts of the defendants, the case stands thus : The defendants contracted with the plaintiff to take him from Sing Sing to Rhinebeck. They gave him a ticket which he was to show in the cars when requested, and to surrender to them on demand. After he had traveled for some distance they required him to sur-

render his ticket, and he did so. They then requested him to show it, and, as he could not do this, they put him off the cars.

If the train on which the plaintiff started had gone through to Rhinebeck, there would probably be no question made of the defendants' liability. No one would claim that a conductor can take up a passenger's ticket and then put him off the cars for his inability to show the ticket, without rendering the company liable.

What difference can it make that the plaintiff was obliged by the defendants to get upon another train, in order to complete his journey? The defendants urge that, as he had no ticket when he got on the train at Poughkeepsie, he was to blame for thus attempting to continue on his way to Rhinebeck. But he had no notice that he needed a ticket any longer. The company had taken up that which he had. He might naturally have supposed that no further call would be made on him.

If he had stayed at Poughkeepsie without attempting to go farther north, that would have been his fault, or negligence, and he would have had no complaint against the company. If he had bought another ticket at Poughkeepsie and had then sued the company for the extra sum paid, what cause of action would he have had? They would have justly said, we never refused to carry you to Rhinebeck. Taking up your ticket was no refusal. We always take up tickets at some point before the end of the journey.

To require a passenger to show a ticket may be reasonable, but a company cannot require a passenger to comply with a regulation, compliance with which they have themselves prevented.

Nor can it be said that the act of the conductor in taking up the ticket was wrongful toward the passenger. The company might take up its tickets whenever it chose. *Northern R. R. Co.* v. *Page*, 22 Barb. 130; *Vedder* v. *Fellows*, 20 N. Y. 126. But they could not, by so doing, acquire the right to refuse to transport the passenger.

No question arises here whether it would have been proper for the plaintiff to attempt to force his way into the car at Poughkeepsie without a ticket, if his entrance had been objected to on that ground. He went into this car without objection, and in accordance with the custom of those travelers on the Poughkeepsie train, who were going farther north. "It follows," as was said by the Court of Appeals, "that if the plaintiff was entitled to a passage on the car in question without the payment of any additional fare,

his ejection therefrom was unlawful." , *Hamilton* v. *Third Av. R. R. Co.*, 53 N. Y. 25.

That case seems to be closely analogous to the present. In the case of *Weaver* v. *Rome, W. & O. R. R. Co.*, 3 N. Y. Sup. 270, the plaintiff was negligent. Paying for three tickets, he neglected to obtain more than two, and he was therefore at fault, like a passenger who loses his ticket. There was no injustice, therefore, in making him bear, so far as his right to travel went, the consequences of his careless- ness. But, in the present case, the plaintiff was not to blame. He yielded to the demand of the defendants, a demand which they had the right to make, it would seem, when he first entered the car at Sing Sing. *Northern R. R. Co.* v. *Page, supra.*

The decision of this case in the Court of Appeals, 56 N. Y. 295, held that exemplary damages were not proper. And the charge of the judge at the circuit on this trial limited the jury to damages in compensation.

The judgment should be affirmed.

*Juagment affirmed.*