JOHN S. GREGORY, PLAINTIFF IN ERROR, V. THE BUR-
LINGTON AND MISSOURI RIVER RAILROAD COMPANY IN
NEBRASKA, DEFENDANT IN ERROR.

**Railroads:** LAND EXPLORING TICKETS. G., a resident of Lin-
coln, Neb., purchased in Chicago, Ill., a land exploring ticket
with coupons attached, to Lincoln and return, of an agent of
the B. & M. R. R. in Neb., for $23.75, the regular fare to Lin-
coln being $18.75. The ticket contained provisions that it was
to be used only by the purchaser, who was to sign his name to
the same *whenever requested* to do so by the conductors of the
train. *Held*—1, That a resident of this state, if he made no
misrepresentations in purchasing the same, could purchase and
use such ticket, but no one but the purchaser could use it; 2,
That possession of the ticket was *prima facie* evidence of own-
ership, and that the failure of the plaintiff to sign his name to
the contract on the ticket, there being no evidence that he had
been requested to do so, did not invalidate the ticket, as the
signature was merely a mode of identifying the purchaser; 3,
That the rules and regulations of the company could not be
pleaded as an excuse for not performing an express contract;
that even if the ticket was obtained by false representations,
the contract was voidable, not void, and the company could
not retain the excess over regular fare, and refuse to perform
the contract; nor would the failure of the agent to require the
purchaser to sign the contract invalidate the ticket, notwith-
standing their rules, if the company retained the considera-
tion.

ERROR to the district court of Lancaster county.
Heard below before POUND, J. The case was argued
here for plaintiff in error by *J. L. Caldwell,* upon a
brief of *Kelly & Caldwell* and *Brown & Marshall.* He
cited *Peter v. Finch,* 24 Barb., 514. *Sprague v. Smith,*
29 Vermont, 421. *Knight v. Railroad Co.,* 56 Me., 234.
*Marony v. Old Colony Railroad,* 106 Mass., 153. *Pal-
mer v. Railroad,* 3 South Car., 580 (16 American Re-
ports, 750). *State v. Overton,* 4 Zabriskie, 435. *South-
ern Railroad v. Kendrick,* 40 Miss., 374. *Porter v. Rail-
road,* 34 Barb., 353. *DeLaurens v. Railroad,* 15 Minn.,

49. *St. Louis, etc., R. R. v. Myrtle*, 51 Ind., 566. *Chi. R. R. v. Parks*, 18 Ill., 460. *St. L. R. K. v. Dalby*, 19 Ill., 353. *Chi. R. R. Co. v. Flagg*, 43 Ill., 364. *Nellis v. R. R.*, 30 N. Y., 505. *Ill. Central R. R. v. Johnson*, 67 Ill., 312. *Same v. Cunningham*, 67 Ill., 316. *Jefferson R. R. v. Rogers*, 28 Ind., 1. *Chase v. R. R.*, 26 N. Y., 523. *Crocker v. R. R. Co.*, 24 Conn., 249.

*T. M. Marquett*, for defendant in error, cited *Barbour v. Burrows*, 51 Cal., 404. *Dietz v. Parish*, 53 Howard, 217. *Morrell v. Tehama M. & M. Co.*, 10 Nevada, 125. *C. & A. R. Co. v. Randolph*, 53 Ill., 510. *Detrich v. Penn. R. R. Co.*, 71 Penn. St., 432. *O. & M. R. Co. v. Applewhite*, 52 Ind., 540. *Johnson v. Concord R. Co.*, 46 N. H., 43. *Cheney v. Boston & Maine R. R. Co.*, 11 Met., 121. *Cleveland and Col. & Cin. R. Co. v. Betram*, 11 Ohio St., 457. *Falkner v. O. & M. R. Co,*, 55 Ind., 369. *The City of Baltimore R. Co. v. Wilkinson*, 30 Md., 224. *Elmore v. Sands*, 54 N. Y., 512 and 515. *Detrich v. Penn. R. R. Co.*, 3 Amer. Ry. Rept., 435. *C., B. & Q. R. R. Co. v. Griffin*, 68 Ill., 499. *Townsend v. N. Y. C. R. Co.*, 56 N. Y., 300.

MAXWELL, CH. J.

This is an action for damages for the expulsion of the plaintiff from the cars of the defendant. The action was dismissed in the court below, and the plaintiff brings the cause into this court by petition in error. The plaintiff alleges in his petition that the defendant was a common carrier of passengers, and on Saturday, the 13th day of September, 1878, he purchased in the city of Chicago, in the state of Illinois, from one W. W. Foltz, a duly authorized ticket agent of the defendant herein, a ticket from said city of Chicago to said city of Lincoln, and return; and that said ticket, when so purchased as aforesaid, had at-

tached thereto six passage or coupon tickets, of which said ticket the following is a copy:

" Issued by Chicago, Rock Island and Pacific Railroad, land exploring ticket. This ticket is good for one first-class passage to Lincoln, Neb., and return, when stamped as indicated on the back hereof, and presented with checks attached in accordance with the following contract:

" In consideration of the reduced rate at which this ticket was sold, it is hereby understood and agreed upon between the Chicago, Rock Island and Pacific Railroad and other railroads, over whose lines this ticket reads ' and myself,' that this ticket is positively not transferable, and will not be honored for passage if presented by any other than myself, whose name is subscribed below. And I, the purchaser, hereby agree to use this ticket within ten days from the date of sale (as stamped on back and written below), going west as far as Lincoln, Nebraska, and within forty days of first above mentioned date, between Lincoln, Nebraska, and original starting point of ticket, otherwise it will not be honored for passage. I further agree, that on or one day before my departure east, I will identify myself as the original purchaser of this ticket, by *writing my signature* on the back of this contract, and by other means, if necessary, in the presence of the B. and M. R. R. in Nebraska Company's ticket agent at the depot in Lincoln, who will witness the same. And I further agree to use the return portion of this ticket, going east, within five (5) days from date, stamped and written on back hereof by said agent, after the expiration of which time, five (5) days, the ticket will be void.

" I also agree that this ticket will not be honored for passage if there are any alterations, or erasures in signatures, or dates stamped or written herein.

" And I further agree to sign my name as a means
of identifying myself as the original purchaser of this
ticket whenever called upon to do so by any of the
conductors of the various lines over which this ticket
reads.   I fully understand the terms upon which this
ticket is issued, and agree that this ticket shall be
void unless I comply with all the conditions specified
above.

" Witness,    " J. S. GREGORY, purchaser.

" W. W. FOLTZ, Agent.

" E. ST. JOHN, Genl. ticket agent."

Copies of the coupons are set out in the petition,
and it is alleged that the plaintiff paid for said ticket
$23.75.

The petition further alleges that on the fifteenth of
July, 1878, the plaintiff left Chicago over the C., R.
I. and P. R. R. to Council Bluffs, and from there to
Omaha, and from Omaha to Lincoln over the defend-
ant's railroad, and that on each of these lines the con-
ductor thereon detached from said ticket the proper
coupon.

The petition further alleges that on the sixteenth
day of August, 1878, he presented said ticket, with the
then remaining coupons duly attached, to the author-
ized agent to stamp such ticket at the defendant's
ticket office, in the city of Lincoln, during the time
said agent was engaged in the business of stamping
tickets, and requested him to stamp said ticket, which
he refused to do, although he offered to identify him-
self as required by the terms of the ticket; that on the
following day he took passage on one of defendant's
regular passenger trains from Lincoln to Omaha, and
offered to the conductor on said train the proper cou-
pon attached to said ticket, which he refused to re-
ceive because the same was not stamped, and at Wa-
verly, on the line of said railroad, forcibly ejected the

plaintiff from said train, etc.    Wherefore the plaintiff asks judgment for $1500.

To this petition the defendant filed an answer denying all the facts stated in the petition not admitted, and alleged the tickets in question were "sold only to persons who desired an opportunity of exploring and looking for land owned by defendant   *   *   That before a party could purchase a ticket of this kind from any railroad company they had to represent to said company, or the persons selling the said exploring tickets, that they desired the said tickets for the purpose of examining the lands of defendant in view of purchasing the same; that it was not intended that said tickets should be sold to any person living in Nebraska who would use them simply for the purpose of being carried as a passenger home from any point outside of the state, or being carried from a point within the state of Nebraska to a point outside." It is also alleged that the plaintiff was a resident of Lincoln, "and, in fact, plaintiff, at the time he claimed to have purchased said ticket, was in Chicago on business, and that he purchased it, if he purchased it at all, there, with the fraudulent intent to get cheaper transportation than he could otherwise procure, and he so falsely made the statement, knowing the same to be untrue." It is also alleged "that the regulations of the company forbade the duly authorized agent of the company stamping or making good the ticket of plaintiff to return to Chicago upon. But in order to defraud defendant and to get a ticket for almost half price to go from Lincoln to Chicago, the said plaintiff did falsely represent himself as being a land explorer, and entitled to ride on said ticket, and did in that way procure the ticket."

The plaintiff, in his reply, denies the new matter contained in the answer, and denies all knowledge of

the rules and regulations of defendant except as stated on the ticket. A large amount of testimony was taken, much of it not pertinent to the issues.

Under the issue made by the pleadings, it being in effect admitted that the plaintiff purchased the ticket in Chicago, and that the agent at Lincoln refused to stamp it, and that the plaintiff, having the ticket in his possession, was ejected from the train, the only questions to be determined would seem to be: *First*, did the plaintiff make false representations to obtain the ticket in question; *second*, if he did not, was he entitled to return to Chicago by using the same? There is no proof whatever that the plaintiff made false representations in order to obtain the ticket. And even if there had been the contract is merely voidable, not void. The price of this ticket is shown by the evidence to have been $23.75, and the regular fare is $18.75. If the company desire to avoid the contract at Lincoln, it must tender back to the plaintiff the excess over the regular fare. It cannot retain the *consideration* and refuse to perform its part of the contract. Nor can the company interpose its own rules and regulations to defeat its own express contract when the contract is within the scope of its authority. Considerable stress is laid upon the fact that the contract was not *signed* by the plaintiff until after it was presented to McFarland to be stamped, and the defendant in error insists that the contract was not completed until it was so signed. And we are referred to the case of *Barbor v. Barrows*, 51 Cal., 404, in confirmation of that view. In that case Barrows entered into a contract in writing with Barbor to erect a dwelling-house for him and furnish the materials therefor, and have the same completed by the first day of September, 1872, and entered into a bond with sureties for the performance of the contract. The

building was not completed until November, 1872. In September, 1872, the principals and one of the sureties on the bond signed an agreement that the time for the completion of the contract should be extended until November, 1872, but expressly providing that the liability of the sureties should not thereby be lessened. Certain liens were filed against the building, by reason whereof Barbor sustained damages. In an action to recover the same it was held that the agreement to extend the time for the completion of the contract, not having been signed by all the sureties, was incomplete and not binding on the parties. But in this case the right of the plaintiff to enforce the contract springs from the consideration which he paid. He took the ticket subject to the conditions expressed on its face whether he signed the same or not. In fact the signature adds nothing to the conditions, and is merely a means of identifying him as the original purchaser. The defendant, on issuing the ticket, may require the purchaser to sign his name to the same as a means of identification, or for other purposes, but if it fails to do so the ticket is not therefore void.

But the company may take all necessary precautions to guard against imposition by the transfer of the ticket, and no one but the purchaser can require a compliance with the contract. The theory of the defense is, that the plaintiff being in Chicago on business, purchased this ticket because it was much cheaper than to purchase a regular ticket from Chicago to Lincoln and return. A resident of this state, temporarily in Chicago, might desire to purchase land in this state as well as a non-resident. If the object is to see land, it can make no difference where the purchaser resides. If, however, certain tickets are to be sold only to non-residents of the state, there should be a clear and un-

ambiguous statement to that effect upon the ticket. But the refusal of the agents at Lincoln to stamp the ticket was not put upon the ground that the plaintiff was not authorized to purchase it, but that he had not *signed* the contract above referred to. Had the contract been signed, so far as appears, the ticket would have been stamped.

*Second.* Was the plaintiff entitled to return to Chicago by using this ticket? Mr. McFarland, in his testimony, states that the plaintiff, in August, 1878, presented the ticket to him to be stamped, and that "there was no signature to the contract, the name of John S. Gregory did not appear on it at that time, at all; there was nothing to indicate that it was his ticket, neither that he was the party to whom it was sold. That signature has been written there since that time." The plaintiff, in his testimony, states that he enquired of the agent, Foltz, at the time he purchased the ticket, if it was necessary for him to sign the contract, and "he said the conductors of the road probably would not let you ride until you had signed it." The ticket agent at Lincoln testified, "Gregory presented me the ticket and requested me to sign it and countersign it. I knew that the contract was blank—had not been signed; but before it was presented to me at the depot it had been signed. I knew it to be blank—not signed —and I did not know he was the original purchaser of the ticket; I did not see that (the land coupon that had been put in evidence by plaintiff), and could not tell to whom it was issued, and I refused to stamp it."

In the case of *Pier v. Finch*, 24 Barb., 514, the plaintiff held a ticket in the words and figures following:

"New York and Erie Railroad. Corning to Elmira. Please keep this in sight. Good this trip only. Oct. 19, 1854. No. 46.

"G. L. DUNLAP."

19

On the 25th of December, 1854, the plaintiff took a seat in one of the passage cars on the New York and Erie railroad at Corning for Elmira, and a short distance east of Corning he was ejected from the cars, for the reason, as stated by the conductor, that the ticket was dated several days previous. In an action for damages it was held that the possession of a railroad passage ticket is *prima facie* evidence that the holder has paid the regular price for it, and of his right to be transported, at some time, between the places specified thereon, on some passage train. And the general rule is, "that proof of possession of personal property is presumptive proof of ownership." 1 Greenleaf Evidence, section 34.

This presumption certainly obtains in this case. The plaintiff was in possession of a ticket issued by a lawfully authorized agent of the company. It was regular in form, properly stamped, in fact, a first-class ticket, with certain conditions. The conditions were not signed, but there is no proof that the holder was requested to sign the same. There is no allegation in the answer that the ticket was stolen, nor that the plaintiff was not the original purchaser, nor is there a particle of proof to that effect, yet we are asked to declare the ticket void, because the agent selling the same did not require the purchaser to sign the conditions, as it is claimed the rules of the company require. There is no proof whatever that the plaintiff had any knowledge of such rules. And the fact that he presented the ticket for stamping at Lincoln without such signature is evidence tending to prove such lack of knowledge on his part. It will hardly be contended that the plaintiff can be affected by the neglect of the company's agent. He was the agent of their own selection for the sale of tickets. He was authorized to receive the consideration and issue and stamp the

ticket and coupons.   Can the company plead *his* default
as a defense?  Suppose the rules of the company
required each conductor of the train to require the
holder of such ticket to sign his name to the same, and
a portion, or all of them, neglected to do so, would the
ticket thereby be rendered void, if the company re-
tained the consideration?  The statement of the prop-
osition shows its absurdity.   But even if the agent has
failed in some respects in the performance of his duty,
still as between the plaintiff and the company it must
bear the loss.   And in any event, the defendant can-
not retain the consideration, and plead the laches of
its agent as a defense to the ticket.

The court submitted questions to the jury upon which
there was no issue, and seems to have misconceived the
issue.   It is therefore unnecessary to review the in-
structions.   Taking the entire case, as it appears from
the record, if we reject the testimony of the plaintiff,
except where it is corroborated, which we need not
necessarily do, he is entitled to a verdict for one-half
of the amount paid for the ticket, and such damages as
he may have sustained by reason of being ejected from
the cars.   Even if it is shown that the plaintiff expect-
ed to be expelled, it can only affect the amount of the
recovery, but will not defeat the action.

The judgment of the district court is reversed, and
the cause remanded for further proceedings.

REVERSED AND REMANDED.