By the Court.—Truax, J.
The defendant moved to dismiss the complaint on the ground that under the evidence no cause of action was shown to maintain the complaint; and that the ticket produced in evidence did not authorize the plaintiff to ride upon the car on the second occasion, in the afternoon, he, the plaintiff, not having used the ticket for the continuous ride on the occasion and at the time he first received it. This motion was denied, and the defendant duly excepted. The defendant then moved the court to instruct the jury to find a verdict for the defendant. This motion *284 was denied and the defendant duly excepted. The court charged the jury, among other things, that the ticket offered in evidence,- bound the defendant to carry the plaintiff when he presented it, and that defendant had no business to turn plaintiff off from the car. To this the defendant duly excepted.
I am of the opinion that none of these exceptions were well taken. The ticket contains the contract between the plaintiff and the defendant. The meaning of the words on it is plain. They were rightly construed by the learned judge before whom the case was tried. The language of the ticket does not connect the ride below Sixty-fifth street with the ride above that street.
Besides, the plaintiff offered the ticket on a “continuous ride.” He did not leave the car, after he entered it, until he was put off by the defendant’s servant. The ticket entitled the plaintiff to a ride upon any passenger car run by the defendant. It contained no notice of any restriction or limitation of the right which it purported to give (Moroney v. Old Colony, &c., 106 Mass. 153).
The ticket, prima facie, was evidence of the plaintiff’s right to that “ride,” and the conductor had no right to demand fare, and to refuse the ticket when it was tendered him. It was not proved that the plaintiff had notice of any rule limiting him to a particular car, and, therefore, he had a right to ride on any of the defendant’s cars, at least on the day the ticket was dated (Pier v. Finch, 24 Barb. 514; Gale v. Del., Lack. &c., 7 Hun, 673).
The judgment and order are affirmed, with costs.
Sedgwick, Oh. J., and Freedman, J., concurred.