In the Matter of the Accounting of BANK OF NEW YORK AND FIFTH AVENUE BANK, as Sole Surviving Successor Trustee, and HAROLD F. LE BARON et al., as Executors of MAUDE LE BARON, Deceased Trustee, under the Will of ALFRED H. SMITH, Deceased. ANNE C. E. S. WATEROUS, Respondent; LEONARD P. LEVY et al., Appellants.— Appeal from a decree of the Surrogate's Court, Westchester County, entered on the decision and supplemental decision of the Official Referee to whom the issues in this final accounting had been referred to hear and determine. Decree modified on the law and facts insofar as appealed from by providing therein that the objections be dismissed and that the assignees be paid out of the interest of the objectant in the estate in accordance with the terms of the assignments, and as so modified the decree is affirmed, with costs to appellants, payable out of the estate. Upon the final accounting, the sole remainderman under the testamentary trust objected to the payments to various individuals pursuant to several assignments by her to a corporation, of which her husband was the sole stockholder and she was an officer, and reassigned by said corporation to claimants or their privies, upon the ground that said transactions were usurious and void. It was conceded that the assignments would be payable only by the

estate, and then only in the event said remainderman survived the life tenant, and that neither the corporation nor said remainderman could be held liable in any event; and it was so understood by all the parties thereto. Therefore, said transactions were not loans to the remainderman and are not usurious on that account. (*Orvis* v. *Curtiss,* 157 N. Y. 657; *Meaker* v. *Fiero,* 145 N. Y. 165; 6 Williston on Contracts [rev. ed.] § 1684, cl. [3]; *Rodman* v. *Munson,* 13 Barb. 63; *Nichols* v. *Fearson,* 32 U. S. 103; *Pomeroy* v. *Ainsworth,* 22 Barb. 118, affd. 22 Barb. 130.) Also, the premium herein was given by the corporation, and for that reason the usury laws are inapplicable (*Jenkins* v. *Moyse,* 254 N. Y. 319). In addition, whether the assignments would have any value at all was subject to substantial hazard, which is to be viewed as of the time of the transactions, and for that reason, also, the usury statutes do not apply (*Equity Service Corp.* v. *Agull,* 250 App. Div. 96; *Pomeroy* v. *Ainsworth, supra; Colton* v. *Dunham,* 2 Paige Ch. 267; *Hurd* v. *Hunt,* 14 Barb. 573; *White Water Valley Canal Co.* v. *Vallette,* 62 U. S. 414; *Provident Life & Trust Co.* v. *Fletcher,* 237 F. 104.) There was no evidence or assertion of actual fraud or other manner of imposition, objectant and the corporation having been represented by counsel of long standing; and there was no duress by force of circumstances, it being established that objectant had a combined annual income of $37,000 from her grandfather's and her mother's estates. Although the bargain may have been hard, the transactions cannot be avoided as being unconscionable. (*Mandel* v. *Liebman,* 303 N. Y. 88; *Parmelee* v. *Cameron,* 41 N. Y. 392; *Dunn* v. *Chambers,* 4 Barb. 376; *Provident Life & Trust Co.* v. *Fletcher,* 237 F. 104, *supra,* affd. 258 F. 583.) These were mature people dealing at arm's length and each was represented by an attorney when executing formal documents embodying their transactions. There was no way of appraising the risks involved in dollars except on the basis of individual judgment and a court may not, under such circumstances, substitute its judgment in respect of the hazards inherent in the survivorship of the objectant and the exercise of rights under a superior assignment. (*Humes* v. *United States,* 276 U. S. 487; *Parmelee* v. *Cameron,* 41 N. Y. 392, 396, *supra; Dunn* v. *Chambers,* 4 Barb. 376, 379, *supra;* cases collated 33 L. R. A. 275; *Hodder* v. *Rosenberg,* 279 App. Div. 600.) Findings of fact and conclusions of law inconsistent with the foregoing are reversed and new findings will be made. Carswell, Acting P. J., Adel, MacCrate and Schmidt, JJ., concur; Wenzel, J., dissents and votes to affirm on the opinion of the Official Referee. Settle order on notice. [See 281 App. Div. 767.]