Parker, C. J.,
delivered the opinion of the Court. The question presented in this case appeared to us at first to require but little attention ; because the person who is supposed to have given the notice being dead, and a memorandum sworn to have been in his hand-writing, in a book kept by him for that purpose, having been produced, it was thought to fall within the general rule which requires the best ev idence the nature of the case admits of.
What a person, having in charge a particular trust or duty, does in pursuance of that trust or duty, is a fact which may be proved by other testimony than that of the party who does the act, when he is dead and his testimony entirely lost. For it cannot be required in cases of every day’s * occurrence, and when a multitude of the same kind of acts is required of the same person almost every day, that the expense and trouble of perpetuating his testimony, in the mode prescribed by the statute for perpetuating evidence, should be requisite. Thus, a runner or messenger of a bank being dead, it would be proper to prove, by other witnesses, that they saw him go from the bank, With the common notifications, towards the house or store of a party to be charged; that they saw him go into the store or house, and on his coming out saw him making entries in his memorandum-book ; and then, such book being produced, with memoranda relative to the facts necessary to be proved, the whole is certainly very safe evidence to lay before a jury upon the point whether the requisite notice was given or not; and the other party having opportunity to contradict it, or to deny the effect of the circumstances proved, a verdict may be safely founded upon such facts.
It is analogous to the exceptions to other general rules of evi deuce. The original writing or contract, upon which a party is attempted to be charged, or on which'a defence may rest, is to b« *346 produced, when the party claiming under it is the rightful possessoi of such original. Yet on proving it to be destroyed or lost, lie may prove the contents of the paper. (a) When the best evidence is, without the fault of the party, out of his power, so that it cannot be produced, the next in degree must be resorted to, or justice would often fail.
It has been suggested that a notarial certificate ought, in such cases, to be obtained. But the objection would lie full as strongly against that, as against the evidence admitted in this case. It would be an extrajudicial oath, by which the declaration would be attempted to be sanctioned; and, hitherto, notarial certificates of facts happening in the state have not been admitted as evidence, unless they relate to bills of exchange, or protests in relation to ships and vessels ; and in the latter case they are never considered as evidence, except in contradiction to evidence given in regular form by the party making the protest.
* Cases are not wanting in the English books, to show the admissibility of evidence such as was received at the trial of this cause. The case of Price vs. The Earl of Torrington is most in point. That action was for beer sold and delivered ; and the evidence was, that the usual way of dealing was, that the drayman came every night to the clerk of the beer-house, and gave him an account of the beer he had delivered out; which the clerk set down in a book kept for that purpose, to which the drayman set his hand ; and that it was his hand-writing set to the book.
In the case before us the evidence was, that it was not only usual, but the official duty of the messenger, whenever he had delivered notices to makers and endorsers of promissory notes, to make a memorandum thereof in a book kept by him for that purpose ; that the messenger was dead; that the book produced was his book, kept for that use; and that the memorandum relied upon in this action was in his hand-writing.
It seems impossible for two cases to be more parallel. But it is said that this case is of doubtful authority, and has been questioned by eminent men. It has never been overruled, nor have we ascertained that it is considered as a questionable case. It is cited as law in the most approved digests.
*347 It is true that, in a case subsequent to this, (7) Lord Raymond rejected the book of a cooper who was dead, which book was offered to prove the delivery of wines. But he recognized Lord Torrington’s case without disapproving it; saying that the case before him differed from rt, because in the first case the witness saw the drayman sign the book every night. This seems not to be a difference in principle; for in both cases the question turned upon the memorandum of a dead man ; and the jury might, in the latter case as well as the former, have been intrusted with the evidence.
Other cases were referred to by the counsel for the plaintiff, upon which this point may be considered as supported. * But it is not necessary to multiply authorities; for the principle seems to be founded in good sense and public convenience. What a man has said when not under oath may not, in general, be given in evidence when he is dead ; because his words may be misconstrued and misrecollected ; as well as because it cannot be known that he was under any strong motive to declare the truth. Yet there are well-known exceptions to this rule, as in questions concerning pedigree. But what a man has actually done and committed to writing, when under obligation to do the act, it being m the course of the business he has undertaken, and he being dead, there seems to be no danger in submitting to the consideration of the jury.
The case of Cooper vs. Marsden has been cited, and is thought to be decisive against the position here taken. In that case, Lord Kenyon rejected the evidence offered of an entry made by a clerk in a merchant’s book, the clerk being absent in India. It is a sufficient answer to this case, that the clerk was alive ; and although it would have put the plaintiff' to great inconvenience to procure his testimony, yet it might have been obtained, and therefore the case did not fall within the principle established in Lord Torrington’s case. All that can be inferred from this case is, that the judge would not extend the doctrine which had been before established; nor is it probable that it will be extended here, so as to produce any inconveniences.
The case of a merchant’s clerk, however, who may die, would be likely to be thought analogous to the case before us. For there would seem to be no good reason why proof of entries made by him should not be received as evidence, in a case proper for the admission of a merchant’s books as evidence, (a)

Judgment on the verdict.

 The loss, it is said, may, in the absence of other evidence, be shown by the affidavit of the party. — Davis & Ux. vs. Spooner, 3 Pick. 284.— Taunton Bank vs. Richardson & Al. 5 Pick. 436. — Adams & Al. vs. Leland & Al. 7 Pick 62. — Jackson vs. Frier, 16 Johns. 193. — Chamberlain vs. Gorham, 20 Johns. 144. — Tayloc vs. Riggs) 1 Peters, 591. — Sed vide Coleman vs. Wolcott, 4 Day, 388. — He who voluntarily, and without mistake or accident, destroys primary evidence, thereby leprivei himself of the use of secondary evidence. - - Broadtoell vs. Kites, 3 Hals 58.

 Bull. N. P. 282, Clerk vs. Bedford.

 Union Bank vs. Knapp, 3 Pick. 96. —- Nicholas vs. Webb, 8 Wheat. 326. — The objection to evidence of this kind is, that it is hearsay, and the declaration of a person *348 not under oath, who is interested to malee such entries as shall show that he has per. formed his duty. — See 1 Phillips, 7th Lond. ed. pp. 260, 2b2, 263, and the cases cited in the notes. — Barker vs. Bay, 2 Bussell, Ch. R. 67, and the cases cited in the note