JOHN DUNN *v.* CHARLES DEVLIN.

In the absence of an affidavit accompanying an answer by an indorser of a promissory note, showing want of notice of presentment and nonpayment of the note, as provided by statute (Laws of 1833, chap. 271), the notarial certificate of presentment and nonpayment of the note is *prima facie* evidence of the truth of its contents:

Where it appears, by such certificate, that the notice of protest was given by depositing the same in the post-office, directed to the indorser at New York City (his residence), *Held*, that such presumption is not overcome by testimony of the notary, on the trial, that he might possibly have directed the notice to a particular street, in which defendant did not reside; and, therefore, it was not error to submit to the jury the question of the sufficiency of the notice.

APPEAL from a judgment entered upon the verdict of a jury.

The action was founded upon a promissory note, indorsed by the defendant, the defense being want of notice of presentment and nonpayment.

The notice of protest was sought to be proved by the notary's certificate, which certified that notice was given to " Charles Devlin, New York." The notary testified that he directed the notice to the defendant, at the corner of Second avenue and Fifty-second street, although he was not positive, and could not tell without looking at his books, which were not produced. The defendant really resided at the corner of Second avenue and Fifty-seventh street.

The court left the question of notice to the jury, who rendered a verdict for the plaintiff.

The defendant appealed.

*W. H. Ingersoll,* for appellant.

I. The whole evidence shows, as a *fact,* that the defendant really had no notice whatever, of the non-payment or protest of the note, until more than one month after the nonpayment. And personal notice, by the holder, is a primary essential; any thing less is exceptional, and allowable only when personal notice is impracticable (1 Pars. on Contracts, 230; Story on Notes, 317; Pars. Merc. L. 115, 116; *Van Vechten* v. *Pruyn,* 9 How. 299; 13 N. Y. 549).

II. Any mere presumption cannot weigh against the absolute proof of a contrary fact, which effectually rebuts such presumption (1 Phil. Ev. 158; 3 Cow. & H. Notes, n. 298; Pars. Merc. L. 115). It is the very nature of a mere presumption to be susceptible of rebuttal; the maxim is: "*Stabit presumptioni, donec probetur in contrarium,*" and especially as to official acts (*Brady* v. *Cubitt,* 1 Doug. 31; Broom's Max. 852; *Davenport* v. '*Mason,* 15 Mass. 85; *St. Paul's, &c.* v. *Visc. Dudley,* 15 Vesey, 173; *Jones* v. *Morgan,* 1 Bro. C. C. 222; *Gardiner* v. *Astor,* 3 Johns. Ch. 53, 55). The notary himself, in his oral testimony, specifically rebuts and disproves the presumption established by his official certificate. Thus the presumption fails by the plaintiff's own evidence. All that remains is the mere fact, that a notice directed to the wrong place was deposited in the general post-office.

III. The mere fact of a lack of affidavit denying the receipt of notice of protest, as prescribed by the laws of 1833, ch. 271, § 8, is a matter of simple practice, and can be of no real effect here, as the proof of the plaintiff is substantially that the notice was not served according to law. Hence, any mere informality in the defendant's technical denial in the pleadings cannot be important. The plaintiffs remove the presumption themselves. There is no conflict of evidence; it is no evidence

for the plaintiffs of service. The law presumes injury to the indorser (Pars. Merc. L. 117).

IV. The notice of protest was not served according to law. It was not directed correctly, so as to reach the indorser; and was directed incorrectly, so as to go astray. There is no proof that the notary ever looked in the directory for the residence. Inquiry is absolutely essential before the benefit of the statute of 1857 would apply (*Randall* v. *Smith*, 34 Barb. 452). When the parties reside in the same city, the holder is bound to give full and actual notice to the indorser (Parsons Merc. L. 107; *Cayuga Co. Bk.* v. *Bennett*, 5 How. 236; *Rawson* v. *Mack*, 2 Hill, 587).

*John R. Flanagan*, for the respondent.

I. The certificate of the notary was properly admitted in evidence, there being no affidavit with the answer of nonreceipt of notice of protest (2 R. S. [5th Ed.] 474, § 35; *Arnold* v. *Rock River Valley Union R. R. Co.* 5 Duer, 207; *Burrall* v. *DeGroot*, 5 Duer, 379; *Young* v. *Catlett*, 6 Duer, 437).

II. There was no error in submitting to the jury the question of the validity of the proof of service of notice of protest. The evidence on that subject was of such a character as to justify the submission of the question to the jury. The evidence of the defendant showing the nonreceipt of notice does not prove it was not served (*Arnold* v. *Rock River Valley Union R. R. Co.* 5 Duer, 207).

By the Court.—Brady, J.—The defendant Devlin was sued as the indorser of a note made by his codefendant, Smith. His answer denied that he was duly notified of presentation and nonpayment, but there was not annexed to it an affidavit containing such a denial of the receipt of notice, as is required by the statute of 1833, chap. 271, p. 395. The certificate of the notary was, therefore, presumptive evidence of the facts contained in it (*Arnold* v. *Rock River R. R. Co.* 5 Duer, 207;

*Young* v. *Catlett*, 6 Duer, 437). The certificate averred that a notice of presentation and nonpayment was deposited in the post-office, in the city of New York, directed to "Charles Devlin, New York City," and the postage prepaid thereon. Devlin testified that he had not received such a notice, and the notary, on his examination on behalf of the plaintiff, said, in answer to the question, Did you serve a notice of protest? "Yes, through the post-office, directed, I think, to Charles Devlin, corner of Fifty-second street and the Second avenue; I would not be positive about that; I have not looked at my books." It appeared, also, that a memorandum on the notice stated the residence of the defendant Devlin, to be at the place mentioned by the notary, to which the notice was directed, but in whose handwriting the memorandum was made, or by whom, did not appear. The plaintiff testified that it was not in his handwriting, and that he did not know in whose it was. No evidence was given on behalf of the plaintiff, showing any effort to discover the defendant Devlin's place of residence (which was proved to have been on the corner of Fifty-seventh street and the Second avenue), by inquiries or otherwise, but it appeared from an examination of the City Directory, for the year 1863, that Devlin's name and residence were omitted therefrom. The presiding judge, on this evidence, submitted to the jury the question whether, under the circumstances, the notice was properly mailed to the defendant Devlin, and to such submission the counsel for defendant Devlin excepted. The exception was not well taken. The presumptive evidence created by the notarial certificate was not destroyed by the testimony of the defendant Devlin, that he did not receive the notice sent through the post-office. It may be, and must be assumed here to be, that he did not receive it, but that is not at all material. It is sufficient that the service was made in the manner directed by the statute (Laws of 1857–8, p. 839), the defendant Devlin being a resident of the city of New York. If the notary had stated without doubt, on his examination, that he had mailed the notice directed to the defendant Devlin, at the corner of Fifty-second street and the Second avenue, the question presented would be different, and the result, perhaps,

Dunn v. Devlin.

more advantageous to the latter. We have held that a notice of protest, directed generally to the indorser, "New York City," when he resides there, is sufficient under the provisions of the statute referred to, but it may be that where the notary undertakes to give a more specific direction, some proof of diligence to ascertain the indorser's residence will be necessary to make the service good, if it be correctly addressed. It is not necessary, however, to decide that question in this case. The notary stated that he thought it was directed to the defendant Devlin, at Fifty-second street and the Second avenue, but would not be positive, not having looked at his books; but his certificate, which must be presumed to have been prepared with reference to the information before him, states the direction to have been New York City, and is entitled, therefore, to the paramount consideration. The notary was not certain, when giving his evidence, not having looked at his book, and the truthfulness of his certificate was not assailed. If the counsel for the defendant Devlin wished to remove the doubt, he should have called for the production of the books. He did not do so. The evidence in the case, for these reasons, established the fact, that the service of the notice of protest was sufficient, and the submission of the question to the jury on that subject was favorable to the defendant Devlin. If the plaintiff had excepted and the jury had found against him, there would have been more value in his objection. The exception considered is the only one properly made to the judge's charge, the counsel for the defendant Devlin having in all other respects, in a general way, excepted to it. That such an exception need not be considered is a familiar rule. Upon examining the charge, however, it appears that all the questions properly at issue, both by the defendant's answer and the material evidence, were submitted to the jury, and in as favorable a light for him as the evidence warranted. The whole case was therefore passed upon by the jury, and under instructions to which, save in one respect stated, no exception was taken.

The judgment must, for these reasons, be affirmed.