WILLIAM M: GAWTRY et al., Respondents *v.* AUGUSTUS A. DOANE, Appellant.

An answer verified in the usual form cannot be treated as an affidavit, within the meaning of the provision of the act of 1833, relative to proceedings in suits and for other purposes (§ 8, chap. 271, Laws of 1833), which provides that the certificate of a notary of presentment and protest of a promissory note shall be presumptive evidence of the facts therein stated, unless defendant shall annex to his plea an affidavit denying the fact of having received notice of non-payment; and if so treated, it is not sufficient, as the denial must be positive and unequivocal, not upon information and belief. Nor is an affidavit not annexed to the answer a sufficient compliance with the statute to destroy the effect of the certificate as presumptive evidence.

A notarial certificate, founded upon a presentment and demand made not by the notary, but by his clerk, is void.

Where evidence has been properly received, the party against whom it has been introduced has no absolute right to have it stricken out when its effect has been destroyed by other evidence. The proper practice upon a jury trial is for such party to request the court to charge that such evidence is not to be considered by them, and in case of refusal he will have a good exception.

Entries by the deceased clerk of a notary of presentment and demand, made in the ordinary and usual way, in a register kept by the notary for that purpose, are competent evidence to prove such presentment and demand.

The next day after presentment and demand of payment of a note payable at a place in the city of New York, the clerk of the notary examined the city directory to find the address of an indorser, whose address was not upon the note. Not finding it, he inquired of the maker, who gave him a wrong address, to which he mailed notice. *Held*, that this was due diligence and sufficient to charge the indorser.

(Argued May 8, 1872; decided September term, 1872.)

APPEAL from the judgment of the General Term of the Supreme Court in the first district, affirming a judgment at the circuit in favor of the plaintiffs. (Reported below, 48 Barb., 148.)

The action was brought against the defendant as indorser of a promissory note made by Townsend & Gray, dated March 9, 1857, for $200, payable three months after date, to

the order of the defendant and indorsed by him for the accommodation of the makers. The defendant denied that the necessary steps had been taken to charge him as indorser. Upon the trial in the city of New York, before a judge and jury, the plaintiffs, for the purpose of proving that payment of the note had been demanded of the makers thereof, offered in evidence the notarial certificate of J. H. Platt, notary. To this certificate the defendant objected on the grounds: 1. That the sworn answer of the defendant denying the receipt of notice of demand and non-payment of said note was an affidavit within the meaning of the statute, and that therefore the certificate of said notary was not presumptive evidence of the facts therein contained. 2. That (if the sworn answer was not an affidavit within the meaning of the statute) an affidavit had been made and served upon the plaintiffs' attorney, by mail, in January, 1864, after issue had been joined and the cause had been placed upon the calendar and notice for trial by both parties, which affidavit was not annexed to the answer and did not refer to the answer in any way.

The facts stated being taken as true, the court decided that the defendant had not complied with the statute in respect to annexing the affidavit to the answer, and that the certificate was presumptive evidence of the facts therein stated, and overruled objections to the certificate and received the same in evidence. To which ruling defendant excepted.

The plaintiffs then proved that the notary did not in person present the note for payment, but that it was done by James C. Parker, Jr., the clerk of the notary, who was then deceased; that said clerk made an entry of the presentment and demand in the notary's register, in the regular and usual course of business. The plaintiffs then offered in evidence the entries made by the said Parker in the register of said notary, to which defendant objected on the grounds: 1. That a notary could not perform his duties by a clerk. 2. That said entries were not admissible or competent evidence of the presentment of said note. The court overruled the objections, and the defendant excepted. The entries were then read in evi-

dence, showing that the note was presented to Townsend, one of the makers, at their place of business, on the 12th day of June, 1857.

The counsel for defendant then moved to strike out of the evidence the certificate, on the grounds that the note in question was not presented by said notary, and the certificate was therefore false. The court denied this motion and defendant excepted.

The plaintiffs then proved that a clerk in their employ in due time served upon the defendant, by mail, a notice in the usual form of non-payment of the note; that the said clerk, before serving the notice, looked in the New York city directory for the name of the defendant and did not find it; that he then inquired of one of the makers of the said note for the address of the defendant, and was informed by him that defendant lived at Brewster's, Putnam county; and he thereupon addressed the notice to him at that place.

The plaintiffs then proved that on the 18th day of June, 1857, the defendant took a judgment by confession against the makers of the note to secure him against his liability upon this and other notes; in the confession of which judgment, verified by the makers, it was stated that the defendant was liable to pay the note by reason of his indorsement; that the defendant caused an execution to be issued upon the said judgment, and levied upon the property of the makers of the note; that subsequently Clark & West commenced an action against the defendant and the makers of the said note, to set aside the said judgment by confession on the ground of fraud; and the same was, by judgment in that action, set aside. In his verified answer in that action, the defendant stated substantially that the facts stated in the confession of judgment were true.

The defendant objected to the proof of the confession of judgment, and to the judgment roll in the case of Clark & West against him and the makers of the note, as irrelevant and improper, and the court overruled the objection and received the evidence.

The defendant gave evidence tending to show that the note had not been presented for payment, and testified that he did not receive notice of non-payment. He also proved that his usual post-office address, nearest to his residence, was Dykeman's Station, Putnam county, about three miles from his residence; that there was no post-office by the name of Brewster's; but that there was one by the name of Brewster's Station about four and one-half miles from his residence; that both post-offices are in the same town in which he resided; and that he usually received his letters at the former office, but occasionally at the latter.

At the close of the evidence defendant's counsel moved to dismiss the complaint on the ground that there was no evidence of the presentment and demand of payment of the note, or of the proper service of notice of non-payment upon the defendant. The court denied the motion and defendant's counsel excepted.

The court then charged the jury, submitting to them two questions of fact, whether the note was at its maturity presented for payment to the makers, and whether notice of non-payment was served upon the defendant.

The court charged that if the notice was mailed to the wrong post-office, yet if the defendant in fact received it in due season, it was sufficient. To this there was no exception.

The court also charged that the circumstance that the defendant took the judgment by confession and issued execution thereon, tended to show that he regarded himself liable as indorser. To this defendant's counsel excepted.

The counsel for the defendant requested the court to charge the jury that if they were satisfied that the note was never presented for payment to Mr. Townsend, the person mentioned in the certificate of the notary, and also in the memoranda of the clerk, then there was no evidence that said note was presented for payment, and that the defendant was entitled to recover, which was declined, and defendant's counsel excepted.

The jury rendered a verdict for plaintiffs. The defendant

moved for a new trial at the Special Term, which was denied. He then appealed to the General Term and to this court.

*O. Close* for the appellant. Defendant's answer was an affidavit within the statute. (3 R. S., 5th ed., 474, § 35.) A notary cannot delegate his power. (*Hunt* v. *Maybee*, 3 Seld., 266; *Onondaga County Bank* v. *Bates*, 3 Hill, 53.) The entries of the notary's clerk in the register were not proper evidence of presentment. (3 R. S., 5th ed., 474, §§ 34, 36; *Otsego County Bank* v. *Warren*, 18 Barb., 290, 295.)

*J. R. Hills* for the respondents. The confession of judgment was an adjudication as to Doane's status, and conclusive. (*Clemens* v. *Clemens*, 37 N. Y., 73; 1 Greenl. Ev., § 208; *Reed* v. *McCourt*, 41 N. Y., 438.) Doane was not prejudiced by any act of plaintiffs, and cannot defend on the ground of want of notice. (*Kelly* v. *Mayor of Brooklyn*, 4 Hill, 263; 17 Wend., 94; id., 489; *Keeler* v. *Barline*, 12 id., 110; *Haydon* v. *Agent Auburn Prison*, 1 Sandf. Ch., 195; *Troup* v. *Wood*, 4 John. Ch., 228; *McChain* v. *Duffy*, 2 Duer, 645.) Defendant by taking the confession of judgment waived any rights he might have to object to presentment of notice. (Chitty on Bills, 535, 69th Am. ed.; *Gunson* v. *Metz*, 1 Barn. & Cress., 193; 17 Wend., 94; *Chubbuck* v. *Vernam*, 42 N. Y., 36, 37; *Horton* v. *Sheldon*, 43 id., 93; *Clemens* v. *Clemens*, 37 id., 73; Code, §§ 382, 383; 2 Starkie's Ev., 17–19; 1 Greenl. Ev., §§ 97, 208.) The notary's certificate was presumptive evidence of the fact of presentment. (3 R. S., 474, § 35, 5th ed.; *Arnold* v. *Rock River R. R. Co.*, 5 Duer, 207; *Young* v. *Catlett*, 6 id., 437; *Lansing* v. *Coley*, 13 Abb. Pr., 272; *Bank of Commonwealth* v. *Mudgill*, 44 N. Y., 520, 522; *Wolfe* v. *Security F. Ins. Co.*, 39 id., 50.) The memoranda of the notary's clerk were proper evidence. (Story on Prom. Notes, § 297; Chitty on Bills, 493, note *o ;* *Hunt* v. *Maybee*, 3 Seld., 269; *Welch* v. *Barrett*, 15 Mass., 380; *Nichols* v. *Webb*, 8 Wheat., 326; *Nichols* v. *Goldsmith*, 7 Wend., 160; *Brewster* v. *Doane*, 2 Hill, 537; Phil. on Ev.,

266; C. & H. Notes, 491; 1 Greenl. Ev., §§ 115, 116, 118; 2 id., § 182; 11 Wend., 568; 12 J. R., 261; *Leland* v. *Cameron*, 31 N. Y., 121.)

EARL, C.   It is provided by statute (Laws of 1833, chap. 271, § 8) that in all actions at law the certificate of a notary under his hand and seal of the presentment by him of any promissory note for payment and of the protest thereof for non-payment shall be presumptive evidence of the facts contained in the certificate, unless the defendant shall annex to his plea an affidavit denying the fact of having received notice of non-payment of such note.   Here the defendant served an affidavit denying the receipt by him of notice of non-payment, but it was not annexed to his answer, and hence cannot have the effect mentioned in the statute.   It is claimed, however, that the sworn answer of the defendant was an affidavit within the meaning of the statute.   This claim is not well founded.   This answer is verified in the usual way, the affiant affirming that it is true of his own knowledge except as to the matters stated on information and belief, and as to such matters that he believes it to be true.   When a defendant verifies an answer in this way, it is impossible to tell what facts he states upon his own knowledge, and what upon information and belief.   An affidavit denying upon information and belief the receipt of notice would not answer the requirement of this statute.   To destroy the effect of the certificates of the notary as presumptive evidence, the defendant must deny positively the receipt of notice.   He knows whether he has received notice or not, and no equivocal denial in his affidavit will be sufficient.   Hence, even if this answer could be treated as an affidavit, it would not be sufficient to destroy the effect of the certificate.   But it cannot be treated as an affidavit.   The affidavit prescribed by the statute is no part of the answer.   It is something to be annexed to the answer, and is distinct therefrom.   The denial to be inserted in the affidavit is not a proper one to be inserted in an answer.   It is wholly immaterial whether the

indorser has received notice. The only material question is, whether notice has been properly served, and the rights of a holder of a note are not affected if the notice do not reach the indorser. There is respectable authority sustaining the conclusion I have reached upon this branch of the case. (*Arnold* v. *Rock River R. R. Co.*, 5 Duer, 207; *Young* v. *Catlett*, 6 id., 437; *Lansing* v. *Coley*, 13 Abb. Pr. R., 272.) The court did not, therefore, err in receiving the certificate in evidence at the time it was offered. Afterward it appeared that the notary did not in person present the note for payment, but that it was done by his clerk. Hence the certificate was void (*Onondaga County Bank* v. *Bates*, 3 Hill, 53), and could with propriety have been stricken out upon the motion of the defendant. But where evidence has been properly received, I do not understand that the party against whom it has been introduced has the absolute right to have it stricken out when its effect has been destroyed by other evidence. His proper course is to protect himself against the effect by a proper charge from the court. In this case the defendant should have requested the court to charge the jury that the certificate was no evidence to be considered by them upon the question of presentment of the note, and if this had been refused he would have had a good exception. But the certificate was entirely ignored in the charge to the jury. And on the question of presentment, the court put the case to the jury upon the other evidence. Hence no error was committed in refusing to strike out the certificate upon the motion of the defendant.

The entries of the deceased clerk in the register of the notary, made in the ordinary and usual course of business, were properly received in evidence. The entries were made in a book kept for the notary for that purpose by the clerk, whose duty it was to transact the particular business and to make the entries. It is not questioned that the clerk was competent to make presentment and demand of the note, so as to charge the indorser. The entries made by a deceased clerk under such circumstances are the best attainable evi-

dence. They are made under such circumstances as to furnish a strong presumption that they are true, and they are received to prevent a failure of justice, and because public convenience and the interest of trade and commerce demand it. In *Welch* v. *Barrett* (15 Mass., 379), the book of the messenger of a bank, not a notary, who was dead, in which in the course of his duty he entered memoranda of demands and notices to the promisors and indorsers upon notes left in the bank for collection, was received as evidence of a demand of the maker and notice to the defendant as indorser of a note so left for collection. In *Nichols* v. *Goldsmith* (7 Wend., 162), the memorandum of a deceased cashier of a bank who frequently notified indorsers of non-payment of notes in the name of the acting notary of the bank, that on a certain day he sent notice by mail to an indorser, was held to be competent, and *prima facie* sufficient evidence to charge the indorser. In *Sheldon* v. *Benham* (4 Hill, 129), it was held that the memorandum of a deceased teller of a bank, made in the usual course of his employment, is competent evidence in proving a demand by him of the maker of a note and notice to the indorsers, and this whether he attended to the business on the retainer of a notary or as part of his duty to the bank. But it is claimed that the common-law rule, which admits this species of evidence, is abrogated by the provisions of the Revised Statutes (2 R. S., 284, §§ 46, 47), which relate to the proof of entries made by deceased, insane or absent notaries. It is a sufficient answer to this claim that the entries proved in this case were not those of a deceased notary, and hence were in no way affected by the statute. They were competent common-law evidence, and were received as such.

The entries show that the presentment for payment was made to Townsend, one of the makers, at their place of business, 815 Broadway, on the 12th of June, 1857. The defendant called Townsend as a witness, and he testified that no presentment was made to him. This contradiction raised a question of conflict for the jury, and upon all the evidence in

the case they determined it in favor of the plaintiffs. The court was, however, requested to charge the jury that ·if they were satisfied that the note was never presented for payment to Mr. Townsend, the person mentioned in the certificate of the notary, and also in the memoranda of the clerk, that there was no evidence that the note had been presented for payment, and the defendant was entitled to recover. This the court refused to charge. There was evidence that the deceased clerk presented the note for payment at the place of business of the makers; that notice of non-payment was given to the defendant by mail on the 13th day of June; that six days thereafter, when the defendant was entirely discharged if the proper steps had not been taken to charge him, he went to the city of New York and got the makers to confess to him a judgment to secure him against his liability as indorser upon the note, and the makers in their statement of confession swore that the defendant was, by reason of his indorsement, liable to pay the full amount of the note with interest. The defendant took this judgment and tried to enforce it by execution. · Subsequently, in the suit against him and the makers to set the confession aside, he put in a verified answer in which he alleged that the statements contained in the confession of judgment were true. The judgment rolls were properly received in evidence as tending to show that the defendant had been properly charged as indorser, and considered himself liable to pay the note. Taking all the facts and circumstances proved, there was some evidence that the proper presentment was made, if not made to Townsend, and hence the court did not err in refusing to charge as requested. The presentment may have been made to the other partner, and Townsend's name inserted in the memorandum by mistake.

On the next day after the presentment, a clerk of the holders took a notice of non-payment in the usual form, signed by the notary, and looked in the New York city directory for the name of the defendant with the view of giving him the notice. Not finding it there, he inquired for his residence of Town-

send, one of the makers, and was informed by him that he lived at Brewster's, Putnam county, and he then mailed the notice to him with that address. The address of the defendant was not upon the note. Inquiry was made of one of the makers, for whose accommodation the note was indorsed. This was, within all the cases, due diligence, and therefore sufficient to charge the defendant even if he did not receive the notice. (*Catskill Bank* v. *Stall*, 15 Wend., 364; S. C., 18 id., 466; *Bank of Utica* v. *Bender*, 21 id., 643; *Ransom* v. *Mack*, 2 Hill, 587.) There was also other evidence in the case from which the jury would have been justified in finding that the defendant actually received the notice in time.

Having thus examined all the allegations of error, I reach the conclusion that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.