By the Coubt.—Feeedman, J.
The evidence given upon the trial was of such a character, that it would have been error, either to dismiss the complaint, or to direct a verdict for the defendants. Consequently, it became the d uty of the court to submit the case to the jury, and this was done under a charge which so fully and correctly covered all the questions of fact and of law arising upon the evidence, that the defendants did not except to it or any part thereof. Nor does the case contain a request for the charge of additional propositions, or a refusal thereof, The motions to set aside the verdict and for a new trial were properly denied, and upon an examination of the whole case we have failed to find any reason which would warrant a disturbance of the verdict.
The exceptions taken during the trial are, therefore, all that remain. They appear to be equally untenable, and but three of them are of sufficient moment to deserve special notice.
The first relates to the striking out of the name oí Walter B. Palmer as a party defendant. Charles John *159 son, George Shepherd, Sidney P. Nichols, and Walter B. Palmer, had been sued as copartners doing business, to wit, running the stage line in question, under the firm, name, and style, of Johnson & Shepherd. The evidence showed that at the time of the occurrence, Walter B. Palmer was not a party in interest, and that Johnson, Shepherd, Nichols, and one Francis A. Palmer, constituted tile said firm, and that Walter B. Palmer subsequently became a partner by purchase of Francis A. Palmer’s interest. The court thereupon ordered Walter B. Palmer’s name to be stricken out without costs. The printed case shows that the motion to this effect was made by defendants’ counsel; but as both parties have argued the question as if the motion had been made by plaintiff’s counsel, it will be assumed that such was the fact. The four defendants had appeared in the action by one attorney and had interposed a joint answer, which put in issue the co-partnership alleged against them, and did not contain a plea of the non-joinder of Francis A. Palmer. The objection to the defect was therefore waived {Code, §§ 147, 148); and as Francis A. Palmer’s presence was not necessary to the rendition of the verdict against the remaining defendants, the court did not err by not 'causing him to be brought in. The other question, namely, whether Walter B. Palmer was not entitled to a dismissal of the complaint as against him, with costs, instead of having his name stricken from the record without costs, is one that affects him alone, and as he did not join in the appeal, the appellants cannot be permitted to say that they are aggrieved by the determination that was made of it.
The second and third relate to the allowance of a question put to the plaintiff by her counsel, which inquired her to state, whether she recollected whether the driver made any remark to her at the time she entered the stage, and to the striking out of the answer *160 thereto. The question called upon the witness to state simply whether she had any recollection upon the subject. It did not call upon her to state what her recollection was. It was asked almost at the commencement of plaintiff’s examination, and before any evidence had been given locating the time and place of the occurrence of the injury. Defendants had already advanced’ the theory that the accident, if any, had occurred on another line, in which they had no interest. Under these circumstances it was quite natural, for a variety of reasons, that the judge presiding at the trial should allow the question to be put, especially as defendants’ counsel had assigned no reason for his objection. Mow in answering this question, which in itself was proper enough at that time, the witness im-, properly went on to state, and not being interrupted,' did state, not only that said driver did make a remark to her, but also that he accompanied the same by- an oath for the alleged reason that plaintiff did not hurry sufficiently, and that, before she got well into the stage, it started again, which caused her to fall down inside of the stage. As it subsequently appeared that the injuries for which the action was brought, were sustained at the time plaintiff left the stage on the completion of her ride, and while she was descending from it, the said answer contained irrelevant matter that might perhaps have exercised an influence upon the jury to the prejudice of the defendants, if it had been allowed to remain as given. But defendants’ counsel not only permitted this irrelevant matter to be given in evidence, when it would have been quite easy to stop the witness in her narration of it, but to remain in the case. It was, therefore, fully competent for the court, at a later stage, on motion of plaintiff’s counsel, and against the objection and exception of defendants’ counsel, who claimed that the moral effect of the testi- ' mony could not be removed in that way, to strike out *161 the said testimony and to instruct the jury to disregard it. ' Indeed, the instruction to disregard it was the only . relief to which the defendants would have been entitled, had they seen fit to make the motion (Gawtry v. Doane, 51 N. Y. 84; Hamilton v. N. Y. Central R. R. Co., Id. 100).
The judgment and order appealed from should be severally affirmed, with costs.
Howell, Ch. J., concurred.