WILLIAM E. TREADWELL *against* MARGARET L. HOFFMAN, IMPLEADED WITH LINDLEY M. HOFFMAN.

A promissory note, made to the order of a married woman by her husband, and by him delivered to her for value, is her separate estate, and if for a valuable consideration she afterwards indorses it over to a third person, she is liable on the contract of indorsement.

The case of *White* v. *McNett* (33 N. Y. 371), distinguished.

An averment in a complaint against the indorser of a note that the defendant had " due" notice of protest, is not put in issue by a denial that the defendant had " *due* notice " of protest. The denial is bad, as containing a negative pregnant.

Since the act of 1835 (L. 1835, c. 141), the notary's certificate of mailing notice of protest need not state the reputed place of residence of the party notified or the post office nearest thereto.

APPEAL by defendant from a judgment of the general term of the Marine Court, affirming a judgment of that court entered on the decision of a judge thereof, after a trial before him without a jury.

The complaint alleged that " on February 1st, 1871, at the city of New York, the defendant Lindley M. Hoffman, for a good and valuable consideration, made and delivered his certain promissory note, in writing, in the words and figures following, to wit :

'$500. NEW YORK, February 1, 1871.

Nine months after date I promise to pay, to the order of Mrs. Margaret L. Hoffman, five hundred dollars, with interest, for value received.

L. M. HOFFMAN.'

> 25 cts.
> U. S. I. R.
> Stamp.
> Canceled.

" That thereafter and before the maturity of the said note, the said Margaret L. Hoffman, for a good and valuable consideration, indorsed and delivered said note to the plaintiff, who is now the lawful owner and holder thereof.

" That the said Margaret L. Hoffman is the wife of the said Lindley M. Hoffman, and that at the time of making her said indorsement on said note she had, and still has, a separate es-

tate, and intended to charge her separate estate by her said indorsement.

"That on the 4th day of November, 1871, when the said note became due and payable, the same was duly presented to the defendant L. M. Hoffman for payment, and payment thereof demanded and refused, whereupon the said note was duly protested for non-payment, of all which the defendant Margaret L. Hoffman had due and legal notice."

The defendant Margaret L. Hoffman answered and denied that "due notice of the dishonor" of the note was given her, and also denied that she intended to charge her separate estate by the indorsement of the note.

On the trial the plaintiff put in evidence the note as indorsed, and the notary's certificate of protest, and his certificate that "notice of protest" was "duly served by mail" on "M. L. Hoffman."

No further evidence on either side was offered, and the court gave judgment for the plaintiff for $553 67.

*Albert Stickney*, for appellant, argued, 1. That there was nothing to show that Mrs. Hoffman had made the payment of the note a charge on her separate estate. 2. There is nothing in the married women's acts giving her the power to make the contract of indorsement, and the indorsement was absolutely void (*Hansel* v. *De Witt*, 63 Barb. 53; *Phillips* v. *Wicks*, 14 Abb. Pr. N. S. 380). 3. Even conceding that the note was Mrs. Hoffman's separate property, yet the act of 1862 only gave a married woman power to enter into contracts in reference to her real estate. The precise point was decided in *White* v. *McNett* (33 N. Y. 371). 4. The proof of notice of protest was insufficient.

*Joseph H. Choate*, for respondent.

1. Under the pleadings no evidence was required of presentment, non-payment and notice to charge the defendant as indorser. Her answer admits that she had legal notice, and only by way of negative pregnant denies that the legal notice which she received was *due* notice.

The notary's certificate answers the requirements of the statute, if any evidence was necessary, and is sufficient evidence of the protest of the note, and of due and sufficient service of notice of dishonor on the indorser (*Harbeck* v. *Craft*, 4 Duer, 122; *Arnold* v. *Rock River Valley R. R. Co.* 5 Duer, 207; *Burrall* v. *De Groot*, 5 Duer, 379; *Ketchum* v. *Barber*, 4 Hill, 224; Opinion of COWEN, J. p. 236; L. 1835, c. 141, p. 152; Act of April 23d).

2. The note in question, when made and delivered by L. M. Hoffman to Margaret L. Hoffman, became her sole and separate property. The acts of 1860 and 1862 are *enabling*, and *not* disabling acts, and empower a married woman possessed of separate property " to bargain, sell, assign and transfer the same " as if she were unmarried, free from any restriction, either as regards the manner or means by which such disposal is effected (L. 1860, p. 159; L. 1862, c. 172; *Adams* v. *Curtis*, 4 Lans. 164; *Minier* v. *Minier*, 4 Lans. 421).

(*a*) When the defendant acquired the note under the circumstances alleged in the complaint and admitted, it became her sole and separate property, in the sense of section 1 of the act of 1860. (*b*) The right given her by section 2 of that act to bargain, sell, assign and transfer her sole and separate property certainly enabled her to make such a transfer in any way known to the law; a conditional transfer by way of indorsement, or an absolute transfer. If she can make the conditional bargain implied in an indorsement, she must comply with the conditions. It necessarily involves a promise on her part to pay if the maker does not and she has due notice. Or it may well be claimed under the same section that the transfer of the note to the plaintiff was the carrying on business, which the act makes her competent to do. (*c*) Section 7 of the same act expressly makes the defendant subject to suit, in the same manner as if she were sole, in all matters having relation to her sole and separate property, or which may come to her by purchase or gift, which description clearly covers this note, after it had been acquired by her as stated in the complaint. (*d*) This appeal does not raise the question whether her separate estate is charged. She is sued as if a *feme sole*, and judgment went against her as if a

*feme sole*, and there is nothing in the judgment charging her separate estate (*Corn Exchange Ins. Co.* v. *Babcock*, 42 N. Y. 613; *Hier* v. *Staples*, 51 N. Y. 136; *Foster* v. *Conger*, 61 Barb. 145).

DALY, Chief Justice.—The case which the appellant relies upon for the reversal of this judgment (*White* v. *McNett*, 33 N. Y. 371), is, in a very material feature, distinguishable from the present one. In that case, Mrs. McNett was the owner in her own right of certain real estate, which she sold, taking in part payment of the consideration money certain bonds and mortgages, which she sold and assigned to the plaintiff's testator, with a covenant of guaranty by herself and her husband that the money payable thereby was collectable. She was sued upon this guaranty, and it was held that to maintain the action it was necessary to show that an intention to charge her separate estate was declared in the contract of sale and guaranty, or that *the consideration received upon the sale of the bonds and mortgages was for the direct benefit of her estate*, and as neither of these circumstances was shown, it was held that the action could not be maintained.

It was conceded, however, by the judge who delivered the prevailing opinion, that proof that she had received the money, would, in the absence of anything to the contrary, have been proof of its application to benefit her estate. A presumption arose in that case upon the face of the papers, that she had received the money, as she, together with her husband, executed the instrument assigning the bonds and mortgages, *wherein she acknowledged the receipt of the consideration money*. But this presumption was overcome by her own testimony upon the trial, that none of the money came into her hands, that she did not know what had been done with it, and by proof that the person who negotiated the purchase of the bonds and mortgages dealt exclusively with her husband.

But, in the present case, it is averred in the complaint and not denied in the answer, that Mrs. Hoffman, "*for a good and valuable consideration*," indorsed the note and delivered it to the plaintiff. It was her husband's note, made payable to her

órder, and when it is averred that it was indorsed and delivered by her to the plaintiff for a good and valuable consideration, the presumption, in the absence of anything to the contrary, must be that this consideration, whatever it was, was received by her.

It was well settled before the passage of the enabling statutes, that in equity, a married woman having a separate estate was, as to her separate estate, considered as a *feme sole*, and might, in person or by her agent, bind it for the payment of debts contracted for the benefit of it, or for her benefit upon its credit (*North American Coal Co.* v. *Dyett*, 7 Paige, 9;; *Gardner* v. *Gardner*, Id. 112; *Curtis* v. *Engel*, 2 Sandf. Ch. 287)—a rule not affected by these statutes, which have enlarged her capacity to acquire and have a separate estate, and facilitated the remedies for and against her, as respects her separate property (*Ballin* v. *Dillaye*, 37 N. Y. 37). Instead of requiring the creditor to resort to a suit in equity to charge the estate of a married woman, they have authorized her to be sued, "in all matters having relation to her sole and separate property, or which might thereafter come to her by descent, devise, bequest, purchase, *or the gift or grant of any person*, in the same manner as if she were sole" (4 Edmonds' General Statutes, p. 517), which, instead of a resort to equity, authorizes a personal judgment against her upon any obligation or debt by which she may bind her separate estate.

The only question in this case is, whether a promissory note, made by her husband to her order and delivered by him to her, can be regarded as her separate estate, so as to authorize her to contract with reference to it—that is, to bind herself for the payment of it by indorsement, where she transfers it to a third person for a good and valuable consideration. The note, as the written obligation of the husband to pay a certain sum of money, for value received, by a certain day, would be personal property in the hands of the person to whom the note was made payable. If it had been received by the wife from a third person, it would belong to her as her separate estate, and being a promise to pay a sum of money for value acknowledged to have been received, she could presumptively maintain an

action upon it against the maker. It has been held, that, so far as the wife has, by the enabling statutes, the capacity to act as a *feme sole*, she may contract with the husband, or the husband with her; and that, as respects her separate property, or contracts or obligations growing out of any trade or business carried on by her, she may sue the husband, or the husband may sue her (*Adams* v. *Curtis*, 4 Lans. 167, and cases there cited; *Minier* v. *Minier*, Id. 421; *Devin* v. *Devin*, 17 How. Pr. 515; *Gage* v. *Dawchy*, 34 N. Y. 293; *Abbey* v. *Deyo*, 44 Id. 345; *Moore* v. *Moore*, 47 Id. 467). A wife may enter into a contract for the purchase of personal property from her husband, which, though void in law, is good in equity, if founded upon a sufficient consideration passing from the wife, and will in equity be enforced against the husband; and the wife may loan money to her husband, for which she will have a claim against him which she can enforce in equity (*Savage* v. *O'Neil*, 44 N. Y. 302, and cases there cited). In this case of *Savage* v. *O'Neil*, the wife, during coverture, loaned money to her husband, which she had received from her mother, and took his notes for it. He afterwards executed a bill of sale to her of the goods in his store, in payment of the notes, and it was held that the bill of sale was good against creditors, and that the wife was the legal owner of the goods transferred by the bill of sale. In *Jaycox* v. *Caldwell*, 51 N. Y. 395, a husband, who was married before the act of 1848, and who had declined to assert his marital rights to the personal property of his wife, borrowed money from her, with the understanding that it would be repaid. It was held that the agreement was founded upon a sufficient consideration; that it imposed an equitable obligation upon the husband, and that his preferring that debt in an assignment for the benefit of creditors was lawful, and did not vitiate the assignment. *Phelkirk* v. *Pluckwell* (2 M. & S. 394) was an action at law upon a promissory note, made by the defendant to the order of a married woman. The action was brought by the husband and wife, and the objection was taken, that as it did not appear upon the face of the note that it was on account of any meritorious consideration moving to the wife, the husband alone ought to sue; but the court held that

the wife was the meritorious cause of the action; that she was the donee of the note; that it was acquired by her, and that the note was a thing that of itself imported a consideration. "Does not a promissory note," said Bayley, J., "import *prima facie* a consideration for the promise to pay, according to the tenor—that is, to the wife—and what is there to show that the wife is not the meritorious cause of action? It was incumbent upon the defendant to show the contrary."

These cases are decisive of the point under consideration. They show that a husband may make a promissory note payable to the order of his wife, and deliver it to her for a consideration received from her; that it imports *prima facie* a consideration passing from the payee to the maker, that is, from him to her; that when delivered to her it becomes, under our statutes, her sole and separate property, and before the enabling statutes would be so regarded in equity; that being her sole and separate property, she may make any contract with reference to it, and that when she does so, she acts and is to be treated as a *feme sole;* that Mrs. Hoffman, by indorsing and delivering the note to the plaintiff, contracted, as she might lawfully do, to pay it in the event of its non-payment by the maker; that, acting in the transfer of it to the plaintiff as a *feme sole*, her indorsement is to be looked upon the same as any other indorsement of commercial paper, and governed by the same rules, as respects her rights and liabilities.

The answer admits that the defendant had legal notice of the protest of the note. She does not traverse that averment in the complaint, for she does not deny that she received notice, but merely that she did not receive *due* notice; in addition to which, it is not necessary, since the act of 1835 (L. of 1833, c. 141), that the notary should specify in his certificate the reputed place of residence of the party notified, or the post office nearest thereto (*Ketchum* v. *Barber*, 4 Hill, 225, 237).

The judgment should be affirmed.

LARREMORE, J., concurred.

Judgment affirmed.