(10 Misc. Rep. 343.)

# TOWNSEND v. AULD.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

1. PROTEST OF NOTE—CERTIFICATE—WHEN PRESUMPTIVE EVIDENCE.
　　To be presumptive evidence of the dishonor of a promissory note, and of notice of the dishonor, the notarial certificate must conform to the requirements of section 923 of the Code of Civil Procedure.

2. SAME—FAILURE TO SPECIFY—RESIDENCE AND POST OFFICE OF PARTY.
　　Should such certificate omit to specify the reputed place of residence of the party to whom the notice was given, and the post office nearest thereto, it is still evidence of the facts it duly certifies, and proof aliunde is competent and sufficient to show that the post office to which the notice was sent was the party's proper post office.

3. SAME—MAILING NOTICE—EVIDENCE.
　　A notarial certificate is only presumptive proof of the facts it certifies, and, where it certifies to the due mailing and direction of a notice of dishonor, evidence that the party never received the notice is competent to show that it was not so mailed and directed.

4. SAME—DEPOSIT IN PRIVATE LETTER BOX.
　　The deposit of a notice of dishonor of negotiable paper in a private letter box of a private office is not a deposit in the post office.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by William J. Townsend against Thomas Auld on a promissory note. From a judgment of the city court (28 N. Y. Supp. 746) affirming a judgment on a verdict directed for plaintiff, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Theo. H. Friend, for appellant.

Charles P. McClelland, for respondent.

PRYOR, J. Action on promissory note against indorser. Defense, no notice of dishonor. The note was payable at the Tarrytown National Bank, Tarrytown, N. Y. A notarial certificate of dishonor was introduced in evidence, but, although purporting to be in conformity to the provisions of section 923 of the Code of Civil Procedure, it failed to specify "the reputed place of business of the defendant," and "the post office nearest thereto." The defendant served no affidavit that he had not received notice of dishonor, and the point presented for decision is, whether, because of the absence of the specification of residence and post office, the certificate was nugatory as presumptive evidence of notice of dishonor.

The adjudications cited by the plaintiff in support of the sufficiency of the certificate as presumptive notice of dishonor, critically

examined, afford no ground for his contention. Treadwell v. Hoff-man, 5 Daly, 207, 213, proceeds avowedly on the authority of Ketchum v. Barber, 4 Hill, 225, 237. But Ketchum v. Barber proceeds on a palpable misconception of the import of the statute (chapter 141, Laws 1835; 4 Edm. St. at Large, 455). The effect of the certificate as notice does not appear to have been a question in the case; the sole point considered in the prevailing opinion of Nelson, C. J., or of Bronson, J., concurring, being whether the note was void for usury. Cowen, J., however, adverted to the certificate, and held it valid on the ground that the act of 1833, c. 271 (identical with section 923 of the Code), had been modified by the act of 1835. But the acts of 1833 and 1835 are in no sense inconsistent. They embrace different subjects, and have in view different objects. The act of 1833 constitutes the certificate a notice of dishonor. The act of 1835 does not touch or contemplate any certificate, but only provides that a notice of dishonor shall be sufficient if mailed "to the city or town where the person sought to be charged resided." The latter statute provides for service of the notice; the former, for proof of the service. They are wholly apart, and neither derogates from the effect of the other. It was an inadvertent and untenable ruling, therefore, to hold that the act of 1835, in any particular, qualified the operation of the act of 1833. Similarly, when the case was in the court of errors (7 Hill, 444), no member of the many who discussed it considered the point of the sufficiency of the certificate,—the entire debate involving only the question of usury,—and the judgment was affirmed on the decision of that question alone. See note at end of report. It was unwarrantable, then, and misleading, to insert in the syllabus, as an adjudication of the court, that "since the act of 1835 the certificate need not specify the reputed place of residence of the party notified, nor the post office nearest thereto." At all events, by incorporating the statute of 1833 in the Code subsequently to the statute of 1835, the legislature makes manifest its intention that the provision of the former enactment shall not be superseded by the latter.

Reversal of the judgment, however, may not be the necessary consequence of the imputed defect in the certificate. The certificate states the demand, and the nonpayment; the protest; and the deposit in the post office of notice of protest, postage prepaid, addressed to the defendant, "Thos. Auld, New York." Section 923 of the Code provides that:

"The certificate * * * of the presentment * * * for payment or of the protest, for non-acceptance or non-payment of a promissory note * * * or of the service of notice thereof * * * specifying the mode of giving the notice, the reputed place of residence of the party to whom it was given, and the post-office nearest thereto; is presumptive evidence of the facts certified."

The facts of presentment, nonpayment, protest, service of notice, and the mode of giving the notice, are all recited in the certificate, and the certificate is therefore presumptive evidence of "the facts certified." A writer of the highest authority says that the certificate "is evidence of such things as it distinctly states, and purports to give evidence of." 2 Daniel, Neg. Inst. § 962. Assuming that the

direction, "New York," be a sufficient address, nothing is wanting to the completeness of the notice, except proof of the residence of the defendant in New York, and that proof he himself supplied on the trial. It is objected, however, that the certificate is that the notice of protest was directed to "New York" simply, not New York City. The act of 1835 provides that the notice shall be sufficient "if directed to the city or town where the person sought to be charged resided." Is it open to dispute or to doubt that a letter mailed at Tarrytown, in this state, addressed to "Thos. Auld, New York," would be understood by the post-office authorities as intended for the city of New York, and be transmitted and delivered accordingly? Common sense is to be consulted in the construction of statutes and of evidence; and by this, the surest and safest of all guides, we are led to the conclusion that the unmistakable destination of a letter directed in this state simply to "New York" is New York City.

Supposing the certificate wholly ineffectual as proof of notice of dishonor, the plaintiff gave other evidence of the fact; and the question is, was it sufficient? A duplicate copy of the notice was sent to the plaintiff, and in due time he essayed to mail it to the defendant. Had this copy been deposited in the post office to the defendant's proper address, that would suffice as valid service of notice of dishonor. Gawtry v. Doane, 51 N. Y. 84, 90; Manchester v. Van Brunt (Com. Pl. N. Y.) 22 N. Y. Supp. 362. But it was not deposited in the post office. It was deposited, said the plaintiff, "in a letter box,—in a receptacle in our office for the receipt of letters to be mailed." It was not traced into the mail, or the hands of a letter carrier. This is the evidence:

"Q. Do you know what became of this sealed envelope, postpaid, addressed to Mr. Auld, after it was deposited? A. I know no more than what is the custom of the office. Q. Do you know what became of it? A. I never saw it afterwards."

In Bank v. Crow, 5 Daly, 191, affirmed 60 N. Y. 85, we held that a deposit in a lamp-post box provided by the government is a deposit in the post office. So, in Wynen v. Schappert, 6 Daly, 558, we adjudged a delivery to an official letter carrier to be a deposit in the post office. But to rule that the placing a protest in a private receptacle in a private office, without further evidence of its fate, is equivalent to a deposit in the post office, would strain the sense of the statute beyond all reason, and substitute a constructive notice of dishonor, for which the law affords no sanction.

Our conclusion is that the notarial certificate authorizes the inference that the notice of dishonor was duly deposited in the post office, and was directed to the defendant at the city of his residence. But the proof is presumptive only, and as such was open to rebuttal. Accordingly, the defendant offered to show that he never received the notice, but the evidence was rejected. The ruling was error. The fact that the notice was not received surely tends to the conclusion that the notice was not duly mailed to the defendant at his post office. Were it the fact that the notice, directed to the proper post office, had been deposited in the mail, evidence of its nonreceipt would be immaterial. Gawtry v. Doane, supra; Arnold v. Railroad

Co., 5 Duer, 207, 211. But the due posting and direction of the notice rests only upon presumptive proof, and evidence to the contrary was admissible.

The court erred, also, we incline to think, in directing a verdict. Even in the absence of proof to the contrary, it was probably still a question for the jury, on all the facts of the case, whether the notice had been received by the defendant. Dunn v. Devlin, 2 Daly, 122. However this may be, the error in the exclusion of evidence requires a reversal of the judgment. Judgment reversed and new trial ordered; costs to abide event. All concur.