Thomas Dickens, J.
A permanent injunction is sought in this action by the World of Food, Inc. (hereinafter referred to *393 as the “ Food ”) and by several others as interveners, against the New York World’s Fair 1964r-1965 Corporation (hereinafter referred to as “World’s Fair”) and two others.
In the ad damnum clause of Food’s complaint, Food, in substance, prays that World’s Fair be enjoined from preventing and interfering with the completion of the construction of Food’s Pavilion at the World’s Fair site; that the party defendants, Fassler and Miesmer, the contractors, be enjoined from refusing to complete their construction work as required by their respective contracts; and that World’s Fair be enjoined from interfering with Food’s bonitary rights as a terre-tenant by virtue of a written lease from World’s Fair, and also from interfering with the bonitary rights of the other terre-tenants by virtue of subleases from Food.
This action in chancery and the subsequent intervention proceedings, were the outcome of the cancellation of Food’s lease, which was done without the consent or the knowledge of the undertenants, each of whom had become a tenant paravail under a permissive clause contained in the primary lease, that is, in the lease to Food. The result of the cancellation was that the leases of the undertenants, too, went by the board.
If the problem confronting me were one solely between World’s Fair and Food, perhaps I would, in the circumstances here, be induced to keep to the rule that equity will not interfere because a bargain is hard and unreasonable (Matter of Ruszkiewicz, 41 N. Y. S. 2d 437, affd. 266 App. Div. 709), or because a bargain is wise or unwise. (Parmelee v. Cameron, 41 N. Y. 392, 395.) But, here the problem is of a deeper hue. The rights of subtenants, whose investments total about $900,000, have unceremoniously been completely rubbed out, when, in good conscience, World’s Fair should have spoken before acting, instead of keeping silent in its foursquare attitude toward the subtenants. (See Lowe v. Feldman, 11 Misc 2d 8, affd. 6 A D 2d 684.)
Without the necessity here of anatomizing the evidence of the voluminous record, a cyclopedic review of which I have personally made, nevertheless, and considered, I now come to the $64 question: For the sake of the intervenors, should an injunction be granted, bearing in mind that they face to lose not only their monetary investments in rentals and in construction costs under the superficies of their leases, resulting thereby in an unjust enrichment by World’s Fair (see Lowe v. Feldman, supra; Baker v. Baker, 60 N. Y. S. 2d 4, 6), but, also, the exhilarating opportunity of participating, possibly, in the greatest World’s Fair of the century?
*394 If I am to lend countenance to the principles that good faith and fair dealing, that is, the bona fides, are required of all parties to a contract (Lowe v. Feldman, supra); that common sense is to he consulted in the construction of evidence (Townsend v. Auld, 10 Misc. 343); that the chief function of courts is to see that justice is done (Matter of Greguski v. Town of Oyster Bay, 19 Misc 2d 763); and that a court of equity acts to promote honesty and fair dealing as well as to protect the purchasing public and the property rights of individuals (Madison Sq. Garden Corp. v. Universal Pictures Co., 255 App. Div. 459),— in the face of all these principles against the background of the facts, then I have no alternative but to grant injunctive relief.
In Matter of Fleming (5 App. Div. 190, 19-2) appears the following, which pointedly answers the view of World’s Fair on this subject: “ Are the courts to grant or deny civil rights upon a balancing of expediencies? We think not. The petitioner’s application should be granted or denied upon the facts properly before the court in this proceeding; in other words, upon the pleadings and proofs of the parties. The court should not deny justice to the parties immediately before it upon the notion that the public good may be promoted by its temporary refusal to proceed according to law.”
A permanent injunction is granted. World’s Fair is enjoined from interfering with the construction of the Pavilion for the World of Foods, Inc., and with its business matters pertaining thereto. The complaint against defendants Fassler and Miesmer is dismissed.